UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DANIEL GONZALEZ,** | Civil Action No. 13-1148 |
| **Plaintiff,** | |
| v. | OPINION |
| **TROOPER EDWARD BOBAL, et al.,** | |
| **Defendants.** | |

**WOLFSON, United States District Judge:**

## I. INTRODUCTION

Plaintiff Daniel Hernandez ("Plaintiff"), a prisoner currently confined at Southern State Correction Facility in Delmont, New Jersey, seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court concludes that the complaint should be dismissed in its entirety, and Plaintiff will be granted leave to file an amended complaint to cure the deficiencies described herein.

## II. FACTUAL BACKGROUND

On February 20, 2013, Plaintiff filed the instant Complaint in which he sued nine individual New Jersey state troopers (hereafter "state trooper Defendants") in their official and

1

personal capacities[1] as well as "[t]he State Police of New Jersey" (hereafter "the New Jersey State Police"). (No. 1.) In his Complaint, Plaintiff alleges as follows:

> On April 26, 2011 Plaintiff was a passenger in a vehicle driven by a friend on the New Jersey Turnpike heading South when we were pulled over by [the first named defendant] for an alleged motor vehicle violation. Plaintiff was forced out of the car[,] assaulted[,] and handcuffed for no lawful reason. While in the police defendants' barracks, the plaintiff was beaten by [the first three named Defendants]. Plaintiff was falsely imprisoned from April 26, 2011 to present.

(No. 1 at 5.) Plaintiff asserts his claim of false imprisonment against all nine individual state trooper Defendants and the New Jersey State Police, stating: "Defendants 1-10 are being sued for false imprisonment violations[.]" (*Id.* at 6.) Plaintiff alleges violations of his Fourth, Eighth, and Fourteenth Amendment rights and seeks monetary damages. (*Id.* at 5-6.)

Plaintiff initially failed to pay the filing fee or submit an application to proceed *in forma pauperis* as required by 28 U.S.C. § 1915(a)(1), (2). On March 28, 2013, Plaintiff submitted his complete IFP application and attached a sheet of paper seeking to reopen his case and amend his Complaint to assert additional claims against the Middlesex County Prosecutor's Office ("MCPO") and its employee Eric Snyder. (No. 3-2.) In this additional submission, Plaintiff also alleges that Snyder "conspired with the state trooper defendants to maliciously prosecute the plaintiff without probable cause [and] in addition violated Plaintiff's constitutional rights under the [F]ourteenth [A]mendment." (*Id.*)

### III.  ANALYSIS

#### A. Standard for *Sua Sponte* Dismissal

The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104–134, §§ 801–810, 110 Stat. 1321–66 to 1321–77 (April 26, 1996), requires a district court to review a complaint in a civil

---

[1] Unless otherwise noted, the state trooper Defendants are referred to collectively.

action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. This action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "[a] pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* (citing *Twombly,* 550 U.S. at 557). For a complaint to survive dismissal, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft* 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570); *see also Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n. 17 (3d Cir.2012) (quoting *Iqbal*, 556 U.S. at 678). The Third Circuit summarized the pleading requirement post-*Twombly* as follows:

> The Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: 'stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element. This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of 'the necessary element.

*Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556) (internal citations and quotations omitted).

In determining the sufficiency of a pro se complaint, the Court must also be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94, 127 S.Ct. 2197, 2200 (2007) (following *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also United States v. Day*, 969 F.2d 39, 42 (3d Cir. 1992). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions." *Id.* Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

**B. Plaintiff's § 1983 Claims**

    **1. Claims Against New Jersey State Police and Official Capacity Suits Against the State Trooper Defendants**

At the outset, Defendant New Jersey State Police is not amenable to suit under § 1983 because it is a subdivision of the State. States are not "persons" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). A subdivision of the state itself is also not a "person" if it is merely an alter ego or "arm" of the state. *Fitchik v. New Jersey Transit Rail Operations, Inc.*, 873 F.2d 655, 658–59 (3d Cir.), *cert. denied*, 493 U.S. 850, 110 S.Ct. 148, 107 L.Ed.2d 107 (1989); *see also Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Christy v. Pennsylvania Turnpike Comm'n*, 54 F.3d 1140, 1144 (3d Cir.), *cert. denied*, 516 U.S.

932, 116 S.Ct. 340, 133 L.Ed.2d 238 (1995).  Whether or not a governmental entity is an arm of the state turns on: (1) whether payment for any judgment would come from the state; (2) the status of the entity under state law; and (3) what degree of autonomy the entity has.  *Fitchik*, 873 F.2d at 659.  It is well settled that the New Jersey State Police is an arm of the state and thus not a person within the meaning of § 1983.  *Smith v. New Jersey*, 908 F.Supp.2d 560, 563 (D.N.J. 2012); *Morris v. U.S.*, No. 12-2926, 2014 WL 1272104, at *3-4 (D.N.J. Mar. 27, 2014).  As such, Plaintiff's claims against the New Jersey State Police are dismissed with prejudice.

Plaintiff's claims against the state troopers Defendants in their official capacities must likewise be dismissed.  In *Will*, the Supreme Court held that state actors in their official capacities are not persons who may be sued under § 1983, stating, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . . As such, it is no different from a suit against the State itself." *Smith*, 908 F.Supp.2d at 563-64 (citing *Will*, 491 U.S. at 71) (internal citation omitted).  Because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," *Will*, 491 U.S. at 71, 109 S.Ct. 2304, I will also dismiss Plaintiff's official capacity claims against the nine state trooper Defendants.  The remaining personal capacity claims against the state trooper Defendants are discussed below.

**2. Excessive Force During Arrest and False Arrest**

The Court construes Plaintiff's allegations that he was "forced out of the car[,] assaulted[,] and handcuffed for no lawful reason" during a traffic stop as claims of (1) excessive force during arrest and (2) false arrest.  I address each claim separately.

Excessive force claims during arrests and investigatory stops are governed by the Fourth Amendment.  *See Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004) (citing *Graham v.*

*Connor*, 490 U.S. 386, 395, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)). "To state a claim for excessive force as an unreasonable seizure under the Fourth Amendment, a plaintiff must show that a 'seizure' occurred and that it was unreasonable." *Lamont v. New Jersey*, 637 F.3d 177, 182–83 (3d Cir. 2011) (citing *Brower v. County of Inyo*, 489 U.S. 593, 599, 109 S.Ct. 1378, 103 L.Ed.2d 628 (1989); *see also Graham*, 490 U.S. at 395 ("all claims that law enforcement officers have used excessive force—deadly or not—in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard").

A seizure triggering Fourth Amendment protection occurs when a government actor "by means of physical force or show of authority, has in some way restrained the liberty of a citizen." *Terry v. Ohio*, 392 U.S. 1, 19 n. 16, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Here, Plaintiff alleges in his complaint that during a traffic stop, he "was forced out of the car[,] assaulted[,] and handcuffed for no lawful reason." (No. 1.) As such, he has adequately alleged that a seizure occurred.

When a police officer uses force to effectuate an arrest, that force must be reasonable. *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The test for Fourth Amendment reasonableness of force used during seizure is whether, under totality of the circumstances, officers' actions are objectively reasonable in light of facts and circumstances confronting them, without regard to their underlying intent or motivations. *Kopec v. Tate*, 361 F.3d 772, 776 (3d Cir.2004). Courts considering whether the use of force was objectively reasonable should consider, *inter alia*, the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers, whether she actively is resisting arrest, the

possibility that the suspect is violent or armed, and the number of persons with whom the police officers must contend at one time. *Estate of Smith v. Marasco*, 318 F.3d 497, 515 (3d Cir. 2003).

In his Complaint, Plaintiff alleges that he "was forced out of the car[,] assaulted[,] and handcuffed for no lawful reason." (No. 1.) Although Plaintiff alleges in a conclusory fashion that there was "no lawful reason" for the officer's (or officers') use of force, he provides virtually no facts to suggest that the use of force was unreasonable and thus excessive. As such, the Court finds that Plaintiff fails to satisfy the *Twombly* pleading standard; *see also Gage*, 408 Fed. App'x at 624 ("there is too little factual matter in Gage's complaint 'to justify moving the case beyond the pleadings to the next stage of litigation.'" (citation omitted)). Accordingly, the Court dismisses Plaintiff's claim for excessive force at the time of his arrest without prejudice. Plaintiff may move to amend his Complaint on this claim to cure the deficiencies described above.

Likewise Plaintiff does not plead sufficient facts to state a claim for false arrest. To state a claim for false arrest under the Fourth Amendment, a plaintiff must allege (1) that there was an arrest, and (2) that the arrest was made without probable cause. *James v. City of Wilkes–Barre*, 700 F.3d 675, 680 (3d Cir. 2012); *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995). "Probable cause to arrest exists when the facts and the circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Merkle v. Upper Dublin Sch. Dist.*, 2111 F.3d 782, 788 (3d Cir. 2000) (internal quotation marks and citations omitted); *accord Revell v. Port Authority of New York, New Jersey*, 598 F.3d 128, 137 n.16 (3d Cir. 2010); *Orsatti v. New Jersey State Police*, 71 F.3d 480, 482 (3d Cir. 1995).

Even if the Court infers that Plaintiff was arrested from his allegation that he "was forced out of the car[,] assaulted[,] and handcuffed for no lawful reason" (No. 1), he offers no facts from which the Court could infer the officers lacked probable cause to arrest him and instead relies on the conclusory statement that the officers' conduct had "no lawful purpose." *See James*, 700 F.3d at 680 (upon a Rule 12(b)(6) motion to dismiss, we accept the factual allegations contained in the Complaint as true, but we disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements). As such Plaintiff's claim for false arrest is dismissed without prejudice to permit amendment.

### 3. Excessive Force at Police Barracks

The Court next assesses Plaintiff's claim for excessive force at the defendant police officers' barracks. Plaintiff alleges only that "[w]hile in the police defendants' barracks, the plaintiff was beaten by Defendants # 1, 2, 3." (No. 1, at 5.) The Court infers that Plaintiff was a pretrial detainee at the time the incident occurred. As such, his claim is properly brought under the Fourteenth Amendment's Due Process Clause, which prohibits the state from imposing punishment on those who have not yet been convicted of a crime, rather than the Eighth Amendment's prohibition against cruel and unusual punishment. *See Bell v. Wolfish*, 441 U.S. 520, 535–39, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); *Carson v. Mulvihill*, 488 Fed. App'x 554, 562 (3d Cir. 2012) (analyzing excessive force claim that did not involve prison disturbance under Fourteenth Amendment's due process clause); *Compare Fuentes v. Wagner*, 206 F.3d 335, 347–48 (3d Cir. 2000) (holding that Eighth Amendment standard applies to a pretrial detainee's excessive-force claim that "arises" in the context of a prison disturbance, reasoning that prison guards cannot be expected to draw distinctions between sentenced and unsentenced inmates when institutional security is in jeopardy). Generally, courts assessing the treatment of pretrial

detainees look to whether the treatment of the prisoner is: (1) rationally related to a legitimate non-punitive governmental purpose; and (2) whether the treatment of the prisoner appears excessive in relation to that purpose. *Carson*, 488 Fed. App'x at 560 (citing *Bell*, 441 U.S. at 561).

Here again, Plaintiff provides insufficient facts to survive screening. Plaintiff's excessive force claim amounts to a single sentence: "While at the police defendants' barracks[,] the plaintiff was beat[e]n by Defendants # 1,2,3." Even assuming that Plaintiff is referring to the first three named Defendants, he provides no facts, other than the use of the word "beat[e]n" to suggest that the use of force was unreasonable and thus excessive. As such, Plaintiff's claim is dismissed without prejudice, and Plaintiff may move to amend his Complaint to cure the deficiencies in this claim.

### 4. False Imprisonment Claim

Plaintiff next alleges a claim for false imprisonment. A claim for false imprisonment derives from a claim for false arrest; thus where police lack probable cause to make an arrest, the arrestee may also maintain a Section 1983 claim for false imprisonment based on a detention pursuant to that arrest. *See Adams v. Selhorst*, 449 F. App'x 198, 201 (3d Cir. 2011) (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 636 (3d Cir. 1995)). A false imprisonment claim is also grounded in the Fourth Amendment's guarantee against unreasonable seizures. *Groman*, 47 F.3d at 636 (citations omitted). Notably, a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest refers only to the period of incarceration lasting from the moment of arrest until the first legal action, e.g., an arraignment. *See Groman*, 47 F.3d at 636. Indeed, the Supreme Court explained that, "[f]alse arrest and false imprisonment overlap; the former is a species of the latter," *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d

9

973 (2007), and the damages recoverable under such claims are limited to those ensuing from the period of detention until the first legal action. *See Connelly v. Wren*, No. 12–2123, 2013 WL 74233, *4 (D.N.J. Jan. 4, 2013).

Here, Plaintiff claims only that he has been "falsely imprisoned from April 26, 2011 to present." As discussed above, Plaintiff has not pled facts indicating that he was arrested without probable cause and subsequently detained pursuant to that unlawful arrest. His claim, as presently formulated amounts to no more than a bare legal conclusion with no supporting facts. As such, that claim is dismissed without prejudice to permit amendment.

### 5.  Plaintiff's Attempted Amendments to his Complaint

In his application to proceed *in forma pauperis*, Plaintiff has attempted to amend his Complaint to include a claim for malicious prosecution against the Middlesex County Prosecutor's Office ("MCPO") and MCPO employee Eric Snyder and a claim for conspiracy against the state trooper Defendants and Snyder. (No. 3-2.)

From the outset, the Prosecutors Office is not a person amenable to suit under § 1983. *See Gordon v. Berkeley Twp. Police*, No. 10–5061, 2011 WL 2580473, at *4 (D.N.J. June 27, 2011) (holding that a "Prosecutor's Office" is not a "person" within the meaning of a Section 1983 suit) (citations omitted); *Baker v. Lewis*, No. 10–3438, 2010 WL 4117140, at *1 n. 1 (D.N.J. Oct.19, 2010) (same) (citations omitted). Additionally, the Prosecutors Office is immune from suit under the Eleventh Amendment to the extent that it is an entity that could even potentially be sued under § 1983. Eleventh Amendment immunity "protects both states and state agencies 'as long as the state is the real party in interest.'" *Woodyard v. County of Essex*, 514 Fed. App'x 177, 182 (3d Cir. Mar. 5, 2013) (quoting *Fitchik v. N.J. Transit Rail Operations*, 873

F.2d 655, 659 (3d Cir. 1989) (*en banc*)).[2]  As such, Plaintiff's suit against the MCPO is dismissed with prejudice.

Because the Court cannot assess the role of MCPO employee Eric Snyder from Plaintiff's pleadings, the Court also dismisses Plaintiff's claims against Mr. Snyder without prejudice.[3]  The Court notes, however, that even if Plaintiff could state a claim against Mr. Snyder, his submission in its current form does not sufficiently allege claims for malicious prosecution or a conspiracy between Snyder and the state trooper Defendants.  In order "[t]o prove malicious prosecution under section 1983, a plaintiff must show that: 1) the defendants initiated a criminal proceeding; 2) the criminal proceeding ended in plaintiff's favor; 3) the proceeding was initiated without probable cause; 4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and 5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)). *Kossler v. Crisanti*, 564 F.3d 181, 186–87 (3d Cir.2009) (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir.2003)).  "[A] prior criminal case must have been disposed of in a way that indicates the innocence of the accused in order to satisfy the favorable

---

[2] In determining whether immunity applies, a court examines: "(1) the source of the money that would pay for the judgment; (2) the status of the entity under state law; and (3) the entity's degree of autonomy." *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 551 F.3d 193, 1978 (3d Cir. 2008) (citing *Fitchik*, 873 F.2d at 659).

[3] It is not clear from Plaintiff's submission whether Mr. Snyder is a prosecutor with the MCPO. The United States Court of Appeals for the Third Circuit has noted that '"[w]hen [New Jersey] county prosecutors engage in classic law enforcement and investigative functions, they act as officers of the State." *Woodyard*, 514 Fed. App'x at 192 (quoting *Coleman v. Kaye*, 87 F.3d 1491, 1505 (3d Cir. 1996)).  However, when county prosecutors perform tasks unrelated to their prosecutorial functions such as personnel decisions, Eleventh Amendment immunity may not apply. *See id.* (citing *Coleman*, 87 F.3d at 1505); *Beightler v. Office of Essex Cnty. Prosecutor*, 342 Fed. App'x, 829, 832 (3d Cir. 2009) (*per curiam*).

termination element." *Kossler*, 564 F.3d at 187 (citing *Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002) and *Gilles v. Davis*, 427 F.3d 197, 211 (3d Cir. 2005)).

Notably, Plaintiff has not alleged that his criminal proceeding terminated in his favor. Moreover, as stated in the preceding sections, Plaintiff has not asserted or demonstrated the lack of probable cause for his arrest and initiation of his criminal proceedings. Consequently, he cannot support a claim for malicious prosecution at this time, and the claim will be dismissed without prejudice accordingly.

"To properly state a § 1983 conspiracy claim, a plaintiff must allege that 'persons acting under color of state law conspired to deprive him of a federally protected right.'" *Novellino v. New Jersey Dep't of Corr. Mountainview Youth Corr. Facility*, No. 10–4542, 2011 WL 3418201, at *6 (D.N.J. Aug.3, 2011) (quoting *Perano v. Twp. of Tilden*, No. 10–2393, 2011 WL 1388381, at *4 (3d Cir. Apr. 13, 2011)).

At the motion to dismiss stage, the allegations of conspiracy "must provide some factual basis to support the existence of the elements of a conspiracy: agreement and concerted action." *Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180, 185 (3d Cir. 2009). "[A] plaintiff must assert facts from which a conspiratorial agreement can be inferred." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 178 (3d Cir. 2010). In other words, there must be a "meeting of the minds." *See Startzell v. City of Philadelphia, Pennsylvania*, 533 F.3d 183, 205 (3d Cir. 2008). Simply alleging "agreement" without facts from which that agreement can be inferred is insufficient. *See Great W. Mining*, 615 F.3d at 178.

Here, Plaintiff has not alleged facts that establish that Defendants agreed to do anything unlawful. Accordingly, even if this Court construed Plaintiff's submission as an amendment, he

has failed to state a claim for relief for conspiracy under § 1983, and the conspiracy claim is dismissed without prejudice.

### 6. Personal Involvement of Individual Defendants

In dismissing Plaintiff's claims without prejudice, the Court also notes that it is a fundamental tenant of § 1983 jurisprudence that in order to be held liable, an individual defendant must have had personal involvement in the acts alleged. *Rode v. Dellacriprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Here, Plaintiff has named nine state troopers as individual Defendants, but several of his claims take a blanket approach with respect to those Defendants and do not identify what, if any, role each Defendant played in the alleged wrongs. For example, Plaintiff states that "Defendants 1-10 are being sued for false imprisonment" (No. 1) and that "Defendant Snyder conspired with Trooper Defendants to maliciously prosecute the [P]laintiff without probable cause." (No. 3-2.) In amending his Complaint, Plaintiff should identify and explain what role, if any, each individual Defendant played in the conduct underlying his claims.

### IV.     CONCLUSION

For the reasons stated above, the complaint will be dismissed in its entirety for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the Court will grant Plaintiff leave to move to re-open this case and to file an amended complaint.[4]  An appropriate Order follows.

/s/     Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.

Date: March 30, 2015

---

[4] When Plaintiff files his amended complaint, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.  *See West Run Student Housing Associates, LLC v. Huntington National Bank*, No. 12–2430, 2013 WL 1338986, *5 (3d Cir. Apr. 4, 2013) (collecting cases); *see also* 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit.  *Id.*  To avoid confusion, the safer course is to file an amended complaint that is complete in itself.  *Id.*; *see also Stevenson v. County Sheriff's Office of Monmouth*, No. 13-5953, 2015 WL 512423, at *8 n.2 (D.N.J. Feb. 6, 2015) (explaining same.)